ADAMS, Justice.
The defendant, World Omni Financial Corporation, appeals from an order denying a summary judgment against Huey Johnson’s claim alleging wrongful repossession and conversion of his 1986 Chevrolet van. This Court permitted an appeal from that interlocutory order. We reverse and remand.
Huey Johnson financed the purchase of his 1986 Chevrolet van with World Omni Financial Corporation in April 1990. One of the clauses in the retail installment sales agreement stated:
“Default: You are in default of your obligations under this Contract if any of the following events or conditions occur: (a) you fail to pay any installment when due or you fail to perform any of your obligations under this Contract; (b) any warranty, representation or statement you made or caused to be made is false or breached; (c) the Collateral is lost, stolen, damaged, destroyed, sold or encumbered; or it is levied on, is seized on or attached; (d) you are unable to pay your debts as they become due, you become insolvent, a receiver is appointed for you, you assign property for the benefit of creditors, a proceeding under any bankruptcy or insolvency law is begun against you; (e) you die (or a partner dies if you are a partnership); (f) if you are a corporation or partnership, the corporation or partnership dissolves, merges, consolidates or transfers a substantial portion of its property.”
(Emphasis added.) Johnson claims, and it appears undisputed, that he lent the van to his brother-in-law, Harry Jackson, in October 1990. While Jackson was in possession of the van, a friend of Jackson’s sold narcotics to undercover officers, who witnessed that person give marked money to Jackson. Although Jackson claimed that the money was reimbursement for a traffic ticket he had paid for his friend, the police arrested him and seized the van. Traces of cocaine were found in the van, but Jackson was later found not guilty of the charges against him.
Based on the language of the finance agreement, World Omni took possession of the van, which had been seized by the police, and it notified Johnson that he was in default on his loan. The following notice was sent to him:
“NOTICE OF REPOSSESSION AND RIGHT TO REDEEM
“We have repossessed your vehicle. Your property will not be sold until 10 days after the date of this notice at the earliest. After that you can still get it back any time before it is actually sold. To get your vehicle back, you must pay the amount shown below. As of the date of this notice, the amount is:
“Unpaid Balance $13597.89
“Past Due Payments $.
“Minus Unearned Finance Charge 2549.92
“Minus Unearned Insurance Premium* 0
“Late Charges 55.11
“Plus Expenses To be determined
“TOTAL $11103.06 [sic]
“The longer you wait, the more you may have to pay to get your vehicle back. If the vehicle is sold and the sale price is less than the total amount you owe, you are responsible for the difference. If the sale price is more than the total you owe, the difference must be sent to you within 45 days. If you do not get the money, you may have the right to sue for it plus any penalties fixed by law.
*1079 “If you have insurance or a warranty as part of your contract, we will cancel it. Please contact us to get your vehicle back.
“Sincerely,
“ * The insurance premium is for any creditor or single interest insurance on your account.”
Johnson acknowledged receipt of this notice, and he stated that he did not redeem his vehicle because he did not have the money. He did state that he offered to continue to make payments on the van; however, this was unacceptable to World Omni. World Omni sold the van, and the sale resulted in a deficiency on Johnson’s loan of $4,259.18.
It is clear that the terms of the agreement signed by Johnson provided for World Omni to consider the loan in default if the van was seized. The agreement does not specify that the seizure must result from an event that leads to a conviction, nor does it require World Omni to postpone repossession of the vehicle during often lengthy court proceedings. While the result may seem harsh, World Omni did not require Johnson to forfeit his van; rather, pursuant to the agreement between the parties, it declared Johnson in default and refused to continue to finance his purchase. He had the opportunity to redeem the van by payment in full of the outstanding balance. This was well within World Omni’s rights. There was simply no genuine issue of material fact, and, pursuant to Rule 56, A.R.Civ.P., the trial court should have entered a summary judgment in favor of World Omni. Therefore, the order of the trial court is hereby reversed.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON and STEAGALL, JJ., concur.